**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **ALFRED JACKSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. _______________** |
| | § | |
| **JUSTIN BRUNTJEN** | § | |
| | § | |
| **Defendant.** | § | |

**ORIGINAL COMPLAINT AND APPLICATION FOR MODIFICATION OR WAIVER OF EXPERT REVIEW**

NOW COMES the Plaintiff, Alfred Jackson, files this Complaint and an Application for Modification or Waiver of Expert Review, alleging as follows:

## I.
## INTRODUCTION

The attorney-client relationship, a bedrock of the American legal system, is premised on a simple concept: the attorney must be loyal and trustworthy, putting the client's interests above his own at all times. The case at bar represents the antithesis of that important American ideal. Alfred Jackson, an heir to the Estate of Prince Rogers Nelson, engaged Defendant Attorney Justin Bruntjen to represent him in connection with a certain $2 million loan intended to bridge Mr. Jackson's financial needs until a distribution of his interests in the Estate occurs. Despite his ethical and contractual obligations to deliver those funds to his Mr. Jackson, upon information and belief, Mr. Bruntjen appropriated $500,000 for his own or other unauthorized use, depriving Mr. Jackson of both the use and enjoyment of the funds. Now, Mr. Bruntjen refuses to account for the money, and refuses to provide client files and records to Mr. Jackson's

current counsel or Mr. Jackson despite demands that he immediately turnover the items and records. This suit seeks to recover those funds and files.

## II.
## PARTIES

1. Plaintiff, Alfred Jackson, is a resident of Lee's Summit, Missouri located in Jackson County, Missouri.

2. Defendant, Justin Bruntjen, is an attorney who, upon information and belief, is duly licensed in the State of Minnesota, and whose address is 501 Carlson Parkway, Number 529, Minnetonka, Minnesota 55305.

## III.
## JURISDICTION AND VENUE

3. The amount in controversy, exclusive of interest and costs, exceeds the sum of $500,000, and is therefore, within the ambit of this Court. In addition, the Court has subject matter jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C.A. § 1332. Venue is proper because Mr. Bruntjen traveled to Lee's Summit to launch, support and/or cover-up his misappropriation of funds and the events giving rise to this lawsuit occurred in in the Kansas City Metropolitan area.

## IV.
## FACTS

4. Alfred Jackson is a half-brother of the late internationally-acclaimed artist Prince Rogers Nelson ("Prince"), who died intestate on April 21, 2016. Jackson is one of six of Prince's siblings who have been designated the sole heirs of the Prince Estate, for which probate proceedings in Minnesota are ongoing.

5. Upon information and belief, Justin Bruntjen was initially engaged to serve as local counsel in the probate under the direction of Attorney Frank Wheaton, an experienced

litigator whose primary office is in California. As a result of events which are currently unclear—but immaterial to the claims presented in this matter—Mr. Wheaton's engagement was terminated in the summer or fall of 2017, and Mr. Bruntjen assumed the role of lead counsel on behalf of Mr. Jackson.

6. Over the course of his representation of Mr. Jackson, it became clear to Mr. Jackson that Mr. Bruntjen lacked the experience and ability to effectively represent his interests in the probate matter. For these and other reasons, Mr. Jackson terminated Mr. Bruntjen's engagement and retained the services of the undersigned attorney and law firm.

7. Immediately upon engagement, Mr. Jackson's new counsel contacted Mr. Bruntjen and requested that he provide to the undersigned counsel all documents and files related to the work Mr. Bruntjen performed in the course of his engagement. Of particular interest were all documents and communications related to an alleged loan that Mr. Bruntjen advised and facilitated on Mr. Jackson's behalf.

8. Upon information and belief, Mr. Bruntjen negotiated, facilitated and advised Mr. Jackson regarding an alleged loan agreement arranged by Michael Lythcott (who is, upon information and belief, a resident of New York) and an allegedly New York-based investor called Audubon Loan Funding, LLC. The alleged loan was intended to provide a financial bridge of support while Mr. Jackson awaited the conclusion of the Prince Estate, which is estimated to be valued in the millions. The alleged loan was two million dollars ($2,000,000), which was supposed to be disbursed on the following schedule:

January 11, 2017 -- $500,000

July 3, 2017 -- $1,000,000

December 22, 2017 -- $500,000.

9. The alleged loan disbursements were supposed to be wired from New York to Mr. Bruntjen's trust fund for forwarding to Mr. Jackson's account at U.S Bank located in Kansas City. Though there is some confusion as to whether Mr. Bruntjen was allowed to retain ten percent (10%) of the $500,000 disbursement as a fee (Mr. Lythcott claims to have paid $70,000 directly to Mr. Bruntjen to facilitate the transaction), there is no question regarding the following: no portion of the December 22, 2017 $500,000 disbursement was EVER received by Mr. Jackson.

10. Upon learning of the $500,000 discrepancy, and after confirming with Mr. Lythcott that the funds were transmitted to Mr. Bruntjen, Mr. Jackson's current counsel requested documents from Mr. Bruntjen showing that the funds were received by him and that he, indeed, transmitted the funds to Mr. Jackson—despite the fact that the funds never arrived in his U.S. Bank account. To date, Mr. Bruntjen has refused to provide the requested information, and has provided no explanation for the missing funds. Moreover, Mr. Bruntjen refuses to release the full files and records in his possession which relate and belong to Mr. Jackson.

## V.
## CAUSES OF ACTION

A. First Cause of Action: Legal Malpractice

11. Plaintiff incorporates by reference and realleges the paragraphs above.

12. Based on the attorney/client relationship between Alfred Jackson and Justin Bruntjen, Mr. Bruntjen owed a duty to exercise a reasonable degree of care and skill with regard to all funds related to Mr. Jackson's loan with Mr. Lythcott and his lenders.

13. Mr. Bruntjen breached his duty by negligently failing to transmit the $500,000 loan disbursement as directed by Mr. Jackson and the lenders, and by failing to follow up to determine the status of the loan.

B. Second Cause of Action: Recovery of Files and Records

14. Plaintiff incorporates by reference and realleges the paragraphs above.

15. Based on the attorney/client relationship between Alfred Jackson and Justin Bruntjen, Mr. Bruntjen owed a duty to exercise a reasonable degree of care and skill with regard to maintaining files and records, and providing orderly files and information to Mr. Jackson and his successor counsel in the Prince probate matter.

16. Mr. Bruntjen breached his duty by negligently failing to maintain the files and records related to his representation of Mr. Jackson in the Prince probate matter, and by failing and refusing to provide those files to Mr. Jackson's current counsel.

## VI.
## APPLICATION FOR WAIVER OR MODIFICATION OF EXPERT REVIEW

17. Under Minnesota law, M.S.A § 544.42(2), to establish a prima facie case for malpractice against an attorney, expert testimony must be given. However, under § 544.42(3), the expert affidavit may be waived or modified for good cause, which includes the need for discovery in order to determine whether the applicable standard of care has been met. Upon a showing of good cause, the expert affidavit can be modified or waived and the action may proceed.

18. Plaintiff seeks a waiver or modification of the affidavit of expert opinion and/or certification of expert review under § 544.42(3)(a)(3) in order to pursue discovery regarding the financial and other records, related to Mr. Bruntjen's representation and duties of loyalty and care with respect to the alleged loan described above.

19. Discovery will allow an expert to provide an opinion pursuant to § 544.42.

## VII.
## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Alfred Jackson respectfully requests that this Court enter a judgment:

1. Order waiving or modifying the Affidavit of Expert Review and/ or Certification for Expert Review;
2. Awarding Plaintiff $500,000 for lost or stolen loan proceeds;
3. For Attorneys' fees and costs of court;
4. For Prejudgment and post judgment interests;
5. For turnover of all files and records related to Mr. Bruntjen's representation of Mr. Jackson; and
6. For such other and further relief as this Court deems just and proper.

## VIII.
## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands trial by jury of all issues so triable.

Dated: January 31, 2019

By: s/ Kennedy Barnes
KENNEDY BARNES TX 00786947
*(Pro Hac Vice Forthcoming)*
**WHITE WIGGINS & BARNES, LLP**
1700 Pacific Avenue
Suite 3740
Dallas, Texas 75201
(214) 665-4150
(214) 665-4160 FAX
kbarnes@wwbllp.com

**ATTORNEYS FOR ALFRED JACKSON**

/s Keith A. Cutler
KEITH A. CUTLER MO #36370
James W. Tippin & Associates
21 West Gregory Boulevard
Kansas City, Missouri 64114
(816) 471-8575
(816) 421-0243 – FAX
kcutler@tippinlawfirm.com

**LOCAL COUNSEL FOR PLAINTIFF**